UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

HELEN MARIE NEAL                                           PLAINTIFF

v.                                               CIVIL ACTION NO. 3:15CV-462-GNS

OFFICER COLLINS *et al*.                                DEFENDANTS

**MEMORANDUM OPINION**

       Plaintiff Helen Marie Neal filed a *pro se* complaint alleging various violations (DN 1). This matter is before the Court for initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the Court will dismiss this action.

**I. SUMMARY OF CLAIMS**

       In the complaint, Plaintiff appears to name three Defendants: Officer Collins, an officer with the Louisville Metro Department of Corrections (LMDC); the Public Defender's Office; and Mark Rice, a "Staff Supervisor."

       As grounds for filing this action, Plaintiff states, "ViolAtions PrivAtcy Act, MisRprested/fAlse fAilure /AllegAtion, hAng phone, on C/A, LAugh plAiAtiff though funny when I wAs cAll for Help." In another portion of the complaint form seeking information about other plaintiffs, if any exist, Plaintiff states as follows: "ViolAtion PrivAcy Act, Keep PlAiAtiff persoAl Property like House Keys for A lArge Amount, Not Turn Property Correctly for 15 days Not Excetable fAlse AllegAtion (fAlse Police Report) No proof of Any kind/only Cha[undecipherable] investigAtion." In the "Prayers for Relief" portion of the complaint, Plaintiff states as follows:

  a. Take Action, ExplAnAtion why hAs person of interest possession, In his property on TAkehome b. Vehicle, NoT proper, Punished for wrongdoing Enter House w Benet on wArrAnt only CitAtion Evidence No Proof c. Hold countable for Action, Didn't Return Phone cAll or voicEmAl Attept, to ReAch for court d. properly unhAndle a Rocket Docket Court sent Letter stated AC out April 23, Receive Letter the 24 of ApRil no Aprope procedeR.

## II. ANALYSIS

  Upon review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). However, this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).

  Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In other words, "a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (citations and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*

*v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, 557). With respect to governmental officials, the Sixth Circuit noted:

> There is a sound reason for requiring that a civil rights action against a government official or employee state a claim in terms of facts rather than conclusions. When a government employee is sued, if no factual allegations are made, discovery and perhaps even trial may be required to demonstrate that the claim has no merit. Such activities require the government defendant and others such as government attorneys involved in defense of the claim to divert their attention from their usual activities and to become involved in the litigation to the neglect of their assigned duties.

*Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986).

A review of Plaintiff's complaint reveals that she has failed to meet the pleading standard required by Rule 8(a)(2). Plaintiff's complaint is completely devoid of factual matter that would allow the Court to draw a reasonable inference that the named Defendants are liable for any alleged misconduct. Plaintiff fails to set forth any facts in her complaint. She makes only general, broad and conclusory statements which are rambling and difficult to understand. She does not state what alleged wrongful actions were taken against her or connect what allegedly happened to any Defendant. Plaintiff's complaint contains nothing "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678. The complaint does not contain sufficient factual matter that, if accepted as true, states "a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). As previously stated, this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d at 1169. To do so would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Accordingly, this action must be dismissed pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

Additionally, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). The allegations in Plaintiff's complaint meet this standard. The instant action must, therefore, also be dismissed for lack of subject-matter jurisdiction.

### III. CONCLUSION

The Court will enter an Order consistent with this Memorandum Opinion.

Date: September 25, 2015

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
      Defendants
4416.003

4